FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 SEP 26 PM 1: 01
CLERK _L. Jerdur_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LUIS ARBOLEDA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV 305-049 |
| MICHAEL PUGH, Warden, | ) ) ) | |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has filed an action under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Petitioner argues, relying upon White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wis. 2004), that the Federal Bureau of Prisons ("BOP") has improperly calculated his good conduct time ("GCT") pursuant to 18 U.S.C. § 3624(b), thereby depriving him of the possibility to earn a maximum of fifty-four (54) days of GCT for each of the years he has been sentenced to serve. The Court directed Respondent to respond to the petition. (Doc. no. 2). In turn, Respondent filed a motion to stay these proceedings pending the resolution of a similar case that had been pending on appeal before the Eleventh Circuit. (Doc. no. 6). The Court granted the motion to stay. (Doc. no. 7).

As that Eleventh Circuit case, Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005) (*per curiam*), has been now been resolved, the Court, for the reasons set forth below,

**REPORTS** and **RECOMMENDS** that the **STAY BE LIFTED**, that the petition be **DENIED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner is a federal prisoner convicted of conspiracy to possess and possession with intent to distribute cocaine. (Petition, p. 2). He was sentenced on October 20, 1997, to a term of 135 months of imprisonment. (Id.). The basis for Petitioner's § 2241 petition is his contention § 3624(b)(1) requires that his GCT be calculated based on the time he has been sentenced to serve rather than--as the BOP calculates GCT--based on the time he actually serves.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.--**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which states, "[p]ursuant to 18 U.S.C. § 3624(b). . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

2

## II. ANALYSIS

First, the district court decision from Wisconsin upon which Petitioner bases his argument has been overturned and is no longer good law. See White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, --U.S.--, 125 S. Ct. 2921 (June 13, 2005). More importantly, the Eleventh Circuit has recently decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[1] Brown, 416 F.3d at 1273. In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion. Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir.2001)). Accordingly, Petitioner is clearly not entitled to the relief he seeks in the form of the recalculation of his GCT, and there is no need to delay ruling on this petition by waiting on a further response from Respondent.[2]

---

[1] The Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.

[2] In the Court's Order staying these proceedings, the Court directed Respondent to provide a complete response to the petition within twenty (20) days of receipt of the Eleventh Circuit's decision in Brown. (Doc. no. 7, p. 7). However, as the Court's docket has been flooded with similar § 2241 petitions, and as Brown forecloses Petitioner's claim, "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, 28 U.S.C. § 2243, and the Court now makes its recommendation without awaiting further response from the government.

3

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the **STAY BE LIFTED**, that the petition be **DENIED,** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4